**Yan LIN, also known as Mico Linyan, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE Respondent.**

No. 03–40613–AG.

United States Court of Appeals, Second Circuit.

Oct. 17, 2005.

Yan Lin, New York, NY, for Petitioner, pro se.

John L. Brownlee, Assistant United States Attorney for the Western District of Virginia, Roanoke, VA, for Respondent.

PRESENT: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

Petitioner Yan Lin ("Lin"), a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") dated August 26, 2003 affirming the decision of the Immigration Judge ("IJ"). The IJ rejected the petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3).

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[This Court] review[s] the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered from past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotations omitted). Under this highly deferential standard, *see Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), this Court "will not disturb a factual finding if it is supported

by reasonable, substantial, and probative evidence in the record when considered as a whole." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotations omitted). This Court reviews *de novo* the BIA's application of law to the facts. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003).

To be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal, a mandatory form of relief, an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire*, 357 F.3d at 178. To obtain CAT relief, the applicant must show that he or she would more likely than not be tortured in the country of removal. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

The BIA correctly concluded that petitioner did not establish entitlement to asylum. Lin has not demonstrated that the Chinese Government has any interest in her or that Government officials were involved in any alleged persecution. Further, Lin has not established that the alleged persecution had been "on account of" her gender, or on account of any of the five grounds set forth in section 101(a)(42) of the INA. *See* 8 U.S.C. § 1101(a)(42). Because Lin failed to establish entitlement to asylum, her application for withholding of removal was properly denied. *See Tian–*

*Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 127 (2d Cir.2004).

The BIA considered whether Lin had provided any evidence that she would be subject to torture were she to return to China. As Lin had not offered any "objective evidence" of probable or potential torture, the BIA properly found that Lin could not support a CAT claim. *Ramsameachire*, 357 F.3d at 185. Likewise, the BIA properly rejected Lin's ineffective assistance of counsel claim noting that Lin failed to identify any prejudice which would warrant a remand. *Romero v. I.N.S.* 399 F.3d 109, 112 (2d Cir.2005).

We have considered all of the petitioner's claims and find them to be without merit.[1] The petitions for review are therefore DENIED.

**Alexandre NOSSOULENKO, Petitioner,**

**v.**

---

1. We take this opportunity to note that the IJ's comments about petitioner's appearance were inappropriate. *See* Oral Decision of the Immigration Judge at 6–7 ("There is nothing special about this woman. There is nothing that would seemingly attract anyone in a posi-

tion of influence to this woman.... This is a fairy tale like Repunsal [sic] but it's an illogical fairy tale. And in the fairy tales of Western Europe, the damsel in distress was beautiful.... The Court is not even going to go into the issue of aesthetics.").